UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SARFRAZ AKHTAR,

                Petitioner,

v.

JEFFREY A. ROSEN, Acting Attorney
General,

                Respondent.

No.    19-70946

Agency No. A206-908-920

ORDER

Before:  GRABER, CLIFTON, and IKUTA, Circuit Judges.

The memorandum disposition filed on November 10, 2020, is hereby

amended concurrent with the filing of the amended disposition today.  With this

amendment, no new petition for rehearing or petition for rehearing en banc may be

filed.

**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARFRAZ AKHTAR, | No. 19-70946 |
| Petitioner, | Agency No. A206-908-920 |
| v. | AMENDED |
| JEFFREY A. ROSEN, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 30, 2020
Portland, Oregon

Before: GRABER, CLIFTON, and IKUTA, Circuit Judges.

Sarfraz Akhtar, a native and citizen of Pakistan, seeks review of the Board of

Immigration Appeals (BIA) decision affirming the decision of the Immigration

Judge (IJ) to deny Akhtar's application for asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

1. The IJ's adverse credibility finding was supported by substantial evidence. The Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act (Form I-867), prepared by an immigration officer in expedited removal proceedings after Akhtar attempted to enter the United States, stated that Akhtar answered "Yes" to the questions "Have you ever been in the Pakistan military?" and "Have you ever had any type of weapons training or military training?". During his hearing before the IJ, however, Akhtar denied having served in the military in Pakistan. Akhtar was given an opportunity to explain the discrepancy, but stated only that he "never said that" or "it happened by error." The Form I-867 has "indicia of reliability," *Singh v. Gonzales*, 403 F.3d 1081, 1089 (9th Cir. 2005), including that it was made under oath and with the assistance of an interpreter, that Akhtar was given an opportunity to read (or have read to him) the information in the Form I-867, 8 C.F.R. § 235.3(b)(2)(i), and that he initialed and signed each page. *Cf. Singh*, 403 F.3d at 1089 (noting an assessment to refer did "not contain any record of the questions and answers" and was "only a short, conclusory summary—essentially, an opinion"). Moreover, Akhtar did not challenge the admission or reliability of the Form I-867 in immigration

proceedings. Therefore, the Form I-867 constitutes substantial record evidence. *See id.* The IJ was not compelled to accept the explanation for the inconsistency given by Akhtar. Because Akhtar did not argue that documentary evidence alone was sufficient to establish eligibility for asylum, the BIA properly denied Akhtar's application for asylum after affirming the adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010).

2. The IJ's denial of withholding of removal on the ground that Akhtar did not show it was more likely than not he would face future persecution in Pakistan was also supported by substantial evidence.[1] Substantial evidence supports the determination that the Pakistani government is not unwilling or unable to protect Akhtar from private persecutors. 8 U.S.C. § 1231(b)(3); *see Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062–68 (9th Cir. 2017) (en banc). The BIA correctly determined that the country conditions evidence from 2013 did not support Akhtar's claims but rather supported a finding that the Pakistani government had made efforts to curb sectarian violence, including steps to protect individuals from

---

[1] Despite the adverse credibility determination made in the asylum analysis, both the IJ and the BIA evaluated Akhtar's claim for withholding of removal as if Akhtar's testimony was credible. We have previously disapproved of treating testimony as "both truthful and untruthful on the same issue in the same proceeding." *Kalubi v. Ashcroft*, 364 F.3d 1134, 1138 (9th Cir. 2004). This error does not require remand, because independently sufficient reasons support denying the petition for review as it relates to withholding.

unsubstantiated blasphemy allegations. Moreover, Akhtar acknowledged that he did not report the assaults or threats to the police, and failed to provide evidence beyond police investigation into the July 2013 attack on Akhtar and the blasphemy allegation.

Substantial evidence also supports the determination that Akhtar could relocate safely and reasonably within Pakistan to avoid future persecution. 8 C.F.R. § 1208.16(b)(2)–(3); *see Singh v. Whitaker*, 914 F.3d 654, 659–61 (9th Cir. 2019). Because Akhtar did not argue to the BIA that a nationwide presumption against relocation exists and the BIA did not address that presumption, that argument is not exhausted and we lack jurisdiction to consider it. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). To the extent that the issue is not exhausted, no nationwide presumption against relocation exists, because the two past incidents identified by Akhtar were not carried out by the government. *Cf. Singh*, 914 F.3d at 661. The record evidence does not compel the conclusion that a national network of Islamic extremists would target Akhtar outside of his hometown. Moreover, the IJ and the BIA did not err in determining that relocation would be reasonable due to Akhtar's age, education, and demonstrated ability to relocate.

3.  The BIA also denied CAT relief and Akhtar's motion to reopen proceedings to submit additional country reports.  Because Akhtar did not challenge these rulings on appeal in his opening brief, they are waived.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

**PETITION DENIED.**